**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MY NEST, LLC, *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:25-00356-JB-N** |
| | ) | |
| **THE UTILITIES BOARD FOR THE CITY OF BAYOU LA BATRE, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Upon due consideration, and for the reasons stated below, the "Motion for Reconsideration of Order Denying Motion to Stay" filed May 28, 2026 (Doc# 74), is **GRANTED**, over the objections of the Plaintiffs (Doc# 75).[1] Accordingly, the April 30, 2026 Preliminary Scheduling Order (Doc# 69) and the May 22, 2026 text-only order extending the Preliminary Scheduling Order's meet-and-confer obligation (Doc# 73) are both **VACATED**, and the parties' obligation to confer under Federal Rule of Civil Procedure 26(f) is **STAYED** until otherwise ordered.

The Plaintiffs incorrectly assert that "the Federal Rules of Civil Procedure do not provide a procedural mechanism for 'reconsideration' of interlocutory orders." (Doc# 75, PageID.816). Federal Rule of Civil Procedure 54(b) states that, unless a final judgment has been entered, "any order or other decision, however designated,

[1] The assigned District Judge referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (5/29/2026 electronic reference notation).

that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." That rule grants district courts "discretion to revisit their prior interlocutory orders, considering both the weight of the moving party's arguments and the disruption that a change would cause in light of the time that has passed since the decision was initially made." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1381 (11th Cir. 2024).

The undersigned finds that *Howe v. City of Enterprise*, 861 F.3d 1300 (11th Cir. 2017) (per curiam) requires a stay of Rule 26(f) obligations for those defendants who have raised qualified immunity and various state-law immunities from suit in their pending motions to dismiss under Federal Rule of Civil Procedure 12(b), until those immunity issues have been decided. The Plaintiffs' attempts to distinguish the procedural posture in *Howe* from that in the present case are unpersuasive. While the Plaintiffs are correct that the movants did not cite *Howe* in their original motion to stay, Rule 54(b) allows for reconsideration of interlocutory orders such as the one denying the stay motion, and the Court is not at liberty to disregard binding case law merely because it was belatedly brought to the Court's attention. Indeed, even a motion to alter or amend a final judgment under Federal Rule of Civil Procedure 59(e) may be brought to correct "manifest errors of law." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (quotation omitted).

The undersigned agrees with the Plaintiffs that *Howe* does not require a stay

of Rule 26(f) obligations for those defendants who have not claimed immunity from suit in a timely Rule 12(b) motion. However, all defendants have moved, on various grounds, to dismiss the operative complaint under Rule 12(b)(6) for failure to state a claim on which relief can be granted. Those motions remain pending, and the Eleventh Circuit Court of Appeals has generally indicated that such "[f]acial challenges to the legal sufficiency of a claim…should…be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). The extent to which those motions may be granted could significantly, perhaps drastically, affect the scope of discovery in this action, particularly since it involves a proposed class action. Requiring only some of the parties to proceed with their Rule 26(f) obligations, and thus proceed to discovery, while those motions remain pending would be inefficient and could potentially force some defendants to expend time and resources engaging in discovery on ultimately meritless claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."). Thus, a blanket stay of discovery is appropriate to allow for disposition of the pending motions to dismiss.

The undersigned also finds that reconsideration of the prior order denying a stay will not cause significant disruption in this case. The Preliminary Scheduling Order was entered less than two months ago; the undersigned has already extended the Rule 26(f) conference deadline to June 29, 2026 (*see* Doc# 73); there is no indication any party has already expended significant resources in anticipation of a

Rule 26(f) conference; and the movants requested reconsideration of the denial of a stay less than a week after the stay was initially denied.

**DONE** and **ORDERED** this the **16th** day of **June 2026**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**