**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MY NEST, LLC, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:25-00356-JB-N** |
| | ) | |
| **THE UTILITIES BOARD FOR THE CITY OF BAYOU LA BATRE, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on the Motion to Dismiss filed by Defendant Polysurveying, Inc. ("Polysurveying"). (Doc. 39). Plaintiffs filed a Response in Opposition to the Motion (Doc. 56) and Polysurveying filed a Reply (Doc. 58).

## I. STANDARD

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must view the allegations in the light most favorable to the plaintiff and accept the allegations of the complaint as true. *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010). To avoid dismissal, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations and quotations omitted). The Court should not assess "whether a plaintiff will ultimately prevail but" consider "whether the claimant is entitled to offer evidence to support the claims." *Id.* at 583 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556. "The Supreme Court's *Twombly* formulation of the pleading standard 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" *Williams v. Henry*, 2009 U.S. Dist. LEXIS 96379, *6 (S.D. Ala. Sept. 14, 2009) (citations and internal quotations omitted), adopted 2009 U.S. Dist. LEXIS 96382 (S.D. Ala. Oct. 15, 2009). "A district court may properly dismiss a complaint if it rests only on 'conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts.'" *Magwood v. Sec y, Florida Dep't of Corr.*, 652 F. App'x 841, 843 (11th Cir. 2016), cert. denied sub nom. *Magwood v. Jones*, 580 U.S. 1073, 137 S. Ct. 675, 196 L. Ed. 2d 560 (2017) (quoting *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003)).

**II. COUNTS I - VI**

Polysurveying bases it Motion, in large measure, on Plaintiffs' failure to sufficiently allege Polysurveying is a "state actor" or otherwise subject to liability as a private entity. (Doc. 39). Polysurveying argues Plaintiffs' insufficient allegations in this regard are fatal to several of

Plaintiffs' claims, including constitutional claims asserted under 42 U.S.C. § 1983. (*Id.*). Plaintiffs' Response to this argument is troubling. (Doc. 56). Polysurveying catalogues "repeated mischaracterizations" Plaintiffs make about allegations in their complaint. (*See* Polysurveying Reply (Doc. 58)). Plaintiffs' Response relies, in material part, on such allegations. Polysurveying notes, for example, Plaintiffs' argument that it satisfies the "nexus/joint action" test for "state actor" status is based on mischaracterizations of allegations concerning the nature and scope of the relationship between Polysurveying and the Board. (Doc. 58 (citing, *inter alia*, Plaintiffs' Opposition (Doc. 56 at PageID.437))). Polysurveying notes Plaintiffs' arguments attribute conduct to Polysurveying the complaint attributes expressly and only to Defendant Bryant. Plaintiffs name Bryant and Polysurveying as separate Defendants in the Complaint. They make separate allegations against them. However, in Plaintiffs' Response, they conflate Bryant and Polysurveying and even substitute Polysurveying for Bryant.

The Court finds Plaintiff's Response contains mischaracterizations of allegations in the complaint, and that those mischaracterizations are material to arguments in Plaintiffs' Response. The Court will not sift through Plaintiffs' complaint and their Response to identify mischaracterized allegations and evaluate how each might affect Plaintiffs' arguments in opposition to the Motion to Dismiss. Rather, after careful consideration and under its inherent authority, the Court concludes and orders as follows:

The Motion to Dismiss is CONDITIONALLY GRANTED as to Counts I through VI of the complaint, WITHOUT PREJUDICE to Plaintiffs' filing an amended Response to those Counts. Plaintiffs shall file an amended Response not later than October 13, 2026. The amended Response shall not include any argument or allegation not included in the initial Response (Doc.

56). The amended Response ordered herein is for the limited purpose of addressing mischaracterized allegations and arguments in the initial Response. All citations and arguments in the amended Response based on allegations in the complaint shall include the pertinent paragraph number(s) of the complaint and an unmodified quotation of the allegation(s). Polysurveying may file a Reply to the amended Response within fourteen (14) days after its filing. The Court will review and, if appropriate amend this Order after Plaintiffs' filing of the amended Response and any Reply filed by Polysurveying.

**III. COUNTS VII and VIII**

In light of the applicable legal standard, the remaining grounds of Polysurveying's Motion to Dismiss are not well taken. The Court must take the non-conclusory factual allegations of the complaint as true and view them in the light most favorable to Plaintiffs. Doing so, the Court cannot find the complaint does not contain sufficient factual allegations to state claims to relief that are "plausible on [their] face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). As such, the Court concludes Polysurveying's Motion to Dismiss Counts VII and VIII of the complaint is due to be DENIED.

**DONE and ORDERED** this 30th day of September, 2026.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE